# **<u>Exhibit 2</u>**

| | |
|---|---|
| **From:** | Colorado, Christopher |
| **To:** | Michael Caridi |
| **Subject:** | SEC v. Caridi, 23-cv-1243 (D. Conn.) - Subject to FRE 408 |
| **Date:** | Friday, October 11, 2024 6:26:00 PM |
| **Attachments:** | image001.png |

Michael: Following our discussion earlier, the SEC staff is willing to recommend that the Commission accept the terms below. Please confirm that you agree, and we will prepare a letter to the Court to be filed first thing next week asking for a stay of all deadlines in order for SEC staff to seek approval of these terms from the five-member Commission, and we will also prepare the Consent for you to sign reflecting these terms. It generally takes us 6 to 8 weeks to make our recommendation to the Commission seeking their review and approval of settlement terms, after which we would submit the settlement to the Court for its final approval (so, a rough timeline for entry of the Final Judgment, assuming all approvals, would be early/mid-December).

The terms:
- This matter would be resolved on a no admit/no deny basis;
- A permanent injunction prohibiting you from violating the federal securities in the future;
- A 7-year bar from serving as an officer and director of a publicly-traded company;
- A penny stock bar;
- Disgorgement of $895,972, due 360 days from the entry of Final Judgment, and the amount of disgorgement will be offset in an amount equal to payments made to CHU; and
- A civil money penalty of $180,000.

A few notes:

- We need to do a 360-day payment due date, rather than 365 days—I trust this will not be an issue, particularly given that that time period does not begin to run until the Final Judgment is entered, which will be several weeks from now;
- We will resolve in the next week how to deal with penny stock holdings you currently have, if any;
- As discussed, the disgorgement amount has been reduced from our Amended Complaint to offset an amount equal to deferred salary, advanced expenses, and repayments to TOKI;
- By statute (28 U.S.C. § 1961(a)), post-judgment interest begins to accrue when the Final Judgment is ordered even though the payment due date for disgorgement is later. The rate (again, set by statute) is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System each Monday for the preceding week, which looks like its currently around 4%.

If you have any questions, please let me know. Otherwise, please confirm that we should move forward with these terms.

Thanks,
Chris

**Christopher M. Colorado**
Senior Trial Counsel
New York Regional Office

**OFFICE**    +1 212-336-9143
**MOBILE**    +1 267-734-5374
[ColoradoCh@sec.gov](mailto:ColoradoCh@sec.gov)

